# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Connie Pelland,

    Plaintiff,

v.

Wal-Mart Stores, Inc., *et al.,*

    Defendants.

Case No. 3:16CV01280

**ORDER**

This is a personal injury action in which the plaintiff seeks to recover for injuries she suffered when she fell near the produce counter at the defendant Wal-Mart's Glendale Avenue store in Toledo, Ohio.

Pending is plaintiff's motion to carry over the discovery that the parties developed during earlier proceedings in the Lucas County, Ohio, Court of Common Pleas. (Doc. 10). Defendant Wal-Mart opposes the motion in part: while it agrees to carrying over discovery, it objects to plaintiff's use of trial depositions of her treating physicians, Dr. Heiney and Dr. Gehling.

The state court proceedings ended with plaintiff's voluntary dismissal without prejudice. Her doing so followed oral and email communications between plaintiff's counsel and the attorney, Justin Harris, then representing defendant Wal-Mart.

Those communications related to last minute efforts to schedule defendant's discovery deposition of Dr. Gehling. When that was not possible in light of an imminent trial date, Mr. Harris referenced a stipulated dismissal. Mr. Harris also agreed, according to plaintiff's counsel's unrefuted

representation, orally to carrying over the discovery generated in the state case.

At some point–when, exactly, the parties do not indicate–plaintiff took her video depositions of the two physicians.

After plaintiff took the voluntary non-suit in state court, she promptly re-filed, joining, on agreement of the parties, the Ohio Medicaid Department.

Defendant, now represented by another attorney in the same firm as Mr. Harris, removed the re-filed suit to this court. Plaintiff sought remand which I denied. (Doc. 11). At that point, the dispute about using discovery in this Court from the state court proceedings arose. Following an informal conference, which did not resolve the dispute, I set a briefing schedule.

I grant the plaintiff's request to use the evidence depositions she obtained and paid for while the case was pending in state court.

At the outset, I sense a whiff, at least, of bad faith on defendant Wal-Mart's part.

First, defendant Wal-Mart has engendered delay by removing this case here–something it did not do, but, I assume, it could have done, after plaintiff filed her original state court action. Wal-Mart's actions in doing so, including its opposition to the pending motion, have rendered nugatory plaintiff's expectation that a new trial date could be set by Summer 2016.

Second, it is clear from plaintiff's unrefuted representation about Mr. Harris's agreement to carry over the state court discovery that plaintiff was agreeing to take the voluntary nonsuit to accommodate the defendant's attorney.

Third, if Mr. Harris wanted to reserve the opportunity to have further evidence depositions after the plaintiff re-filed her case, he should have (and, in my view, probably would have) said so; otherwise, he would have be sandbagging a lawyer who had just done him a favor.

Fourth, defendant's current counsel does not point to any real, much less really meaningful, prejudice if she has to live with the evidence depositions. Defendant's counsel points to nothing she would do at the depositions that Mr. Harris did not do. Further, defendant's counsel makes no suggestion that Mr. Harris's performance during the deposition was deficient in any way, and she does not contend that there has been some intervening development of some significance that the lawyers could not have covered during the deposition.

Finally, defendant does not offer to reimburse plaintiff for the additional cost and expense that she would incur.

Simply put, there is no reason whatsoever to put the plaintiff to the expense and delay that a re-do would involve.

It is, accordingly,

ORDERED THAT: plaintiff's motion to carry over all discovery, including evidence depositions, (Doc. 10) be, and the same hereby is, granted.

The Clerk shall forthwith set a status/scheduling conference.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge